TROY SILVA
4550 SW Betts Ave. #291
Beaverton, OR 97005
Tel. (510) 355-6635
TROYLSILVA@OUTLOOK.COM

Troy Silva, *Pro Se* Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

| In Re:<br><br>Troy Louis William Silva,<br><br>Debtor | Case No.: 24-33038-thp13<br><br>Chapter 13 (*with Notice of Conversion to Chapter 7 filed April 4, 2025*)<br><br>**MOTION FOR CLARIFICATION AND CORRECTION OF FILING DATES AND DECLARATION IN SUPPORT** |
|---|---|

To the Honorable Court and All Interested Parties:

Troy Silva, Debtor pro se, respectfully requests that the Court clarify and, if necessary, correct the official filing dates for certain documents in this case in order to accurately reflect the dates on which they were uploaded via the Court's public upload portal.

**I. INTRODUCTION**

This request is submitted to ensure that the record properly reflects the Debtor's timely compliance with the Court's Order dated April 1, 2025 (ECF No. 68), which required the filing of an amended Chapter 13 plan or conversion notice by April 4, 2025, or risk dismissal without

further notice. Because of compounding challenges and circumstances, some occurring right up through last week, that ultimately precluded any feasible Plan, Debtor reached a definite decision on Friday, April 4 to file a Notice of Conversion to Chapter 7, and did so on April 4, 2025 by uploading the filing on that day during the 8:00 PM hour. However, the docket reflects a filing date of April 7, 2025.

Although the docket continues to reflect the case as a Chapter 13 proceeding, the Debtor filed a voluntary Notice of Conversion to Chapter 7 on April 4, 2025. The corresponding docket entry is listed as ECF No. 70, with a second entry (ECF No. 71) appearing the same day, which may relate to service or docket processing. Debtor respectfully requests that the Court note the filing's upload date of April 4 and affirm that it complies with the Court's April 1, 2025 Order.

Debtor also notes that a similar discrepancy occurred with a prior Motion for Extension of Time to File an Amended Chapter 13 Plan, uploaded on March 28, 2025, which appeared on the docket as filed on March 31, 2025. Debtor possesses and can provide similar time-stamped documentation for that March 28 upload.

<u>Debtor makes this request **not** out of a desire to dispute court process, but out of genuine concern that unexplained gaps between debtor's actual upload dates and the dates assigned to those on the docket to those uploaded filings, might mischaracterize his intentions or compliance. Debtor emphasizes to the Court, with sincerity and respect, that he does not have a contumacious attitude and would never knowingly flout a court order. He remains fully committed to meeting deadlines and respecting all procedural directives. The issue here is not a failure to comply, but a concern that technical or clerical errors may erode the Court's impression of Debtor's earnest efforts and integrity.</u>

***MOTION FOR CLARIFICATION AND CORRECTION OF FILING DATES AND DECLARATION IN SUPPORT***
*(Case 24-33038-thp13)*

## II. FACTUAL BACKGROUND

On April 4, 2025, at approximately 8:55 PM Pacific Daylight Time, Debtor uploaded the Notice of Conversion to Chapter 7 through the Court's public upload portal. Debtor contemporaneously paid the Chapter 7 conversion fee, and the transaction receipt confirms payment at 12:35 AM Eastern Daylight Time on 4/5/25 (9:35 PM Pacific Time on 4/4/25). Earlier on the same date of 4/4/25, Debtor mailed a copy of the Notice of Conversion to the Chapter 13 Trustee from a Postal counter, and he retains a postmarked certificate of mailing and Postal register receipt to that effect.

Despite these efforts, the docket (at least on RECAP) lists the filing date for the Notice of Conversion as April 7, 2025. A second entry, Dkt #71, appears to relate to service or internal docket processing.

Debtor has preserved:

- Time-stamped photographic evidence / video of the upload process;
- The payment receipt for the conversion fee;
- A certificate of mailing documenting timely service on the Trustee.

These materials can be filed with the Court upon request.

Debtor relied in good faith on guidance from court staff–who have consistently and unanimously been courteous, helpful, and professional–indicating that documents uploaded through the Court's portal would be date-stamped/deemed filed on the date of upload. In past filings, this had proven accurate; only today looking at the RECAP docket has debtor noticed discrepancies.

## III. REQUEST FOR RELIEF

Debtor respectfully requests that the Court:

   1. Clarify and correct the docket entry for the Notice of Conversion to reflect an April 4, 2025 filing date;

   2. Note that Debtor complied with the April 4 deadline set forth in the Court's April 1, 2025 Order (ECF No. 68);

   3. Note that the March 28 upload of the Motion for Extension of Time also appears to have been affected by delayed docketing, and that supporting documentation exists for both filings;

   4. Confirm that no adverse inference should arise from the docket dates with respect to the Debtor's intent or efforts to comply with Court orders;

   5. Grant such other and further relief as may be just and proper.

Debtor respectfully submits this motion in the interest of ensuring the record accurately reflects his efforts to follow Court orders.

Respectfully Submitted this 8th day of April 2025.

**Declaration**
I, Troy Louis William Silva, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 8, 2025.

/s/ Troy Louis William Silva
Troy Louis William Silva, Debtor

*MOTION FOR CLARIFICATION AND CORRECTION OF FILING DATES AND DECLARATION IN SUPPORT*
*(Case 24-33038-thp13)*

4